## IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

JAY HAMON                                    *
8641 Stonehouse Drive
Ellicott City, Maryland 21043                *

      *Plaintiff*                         *

      v.                                  *          Case No.:

ALVARIA, INC.                                *
300 Apollo Drive
Chelmsford, Massachusetts 01824              *

      *Defendant*                         *

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

### PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Jay Hamon, by and through her attorney, Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, hereby sues the Defendant, Alvaria, Inc. In support thereof, Plaintiff states as follows:

### PARTIES, JURISDICTION, & VENUE

1.  Plaintiff, Jay Hamon, is a resident of Maryland.

2.  Defendant, Alvaria, Inc., is a foreign corporate entity doing business in the State of Maryland that participates in interstate commerce.

3.  Venue is proper before this Honorable Court as the Defendants regularly conduct business in Howard County, Maryland. Md. Code Ann., Ct. & Jud. Proc. § 6-201(a).

4.     Jurisdiction is proper as an action in tort and contract. § 1-501. Additionally, this Honorable Court has personal jurisdiction of the Defendant as a person who caused tortious injury in the State of Maryland. § 6-103.

## FACTS COMMON TO ALL COUNTS

5.     In or during August 2022, the parties entered into an employment contract ("Agreement") wherein the Plaintiff would be employed by the Defendant to perform human resource services, including the full implementation thereof and all duties related thereto.

6.     The Agreement was to last six (6) months, for which Plaintiff was to be paid a total of $97,500.00 in thirteen (13) bi-weekly installments.

7.     Defendant requested that Plaintiff submit invoices for his payments, although it did not require him to document or otherwise itemize any work completed. Defendant provided instructions by which the invoices were to be emailed to the Defendant for payment, which were followed at all times relevant hereto by Plaintiff.

8.     Termination of the Agreement could be effected by either party; however, it would only be effective upon fifteen (15) days prior written notice. In the event of termination, Plaintiff was to be paid the entirety of the sum owed under the Agreement, that being $97,500.00, as previously represented to him by the Defendant.

9.     Notwithstanding the designation as set forth in the Agreement, Plaintiff was at all times relevant hereto an employee of the Defendant. Defendant had or should have had a significant degree of control and supervision over Plaintiff's work; Defendant provided Plaintiff with materials for which the work was to be completed; Defendant

effectively had an at-will employment relationship with Plaintiff, as it could terminate Plaintiff's employment at any time, subject to the restrictions per the Agreement; and the type of work that Plaintiff was to perform was integral to the operations of the Defendant.

10.     In or around October of 2022, Plaintiff and General Counsel of the Defendant, Christie Balbalis, had a conversation about transferring some of Plaintiff's duties to other employees of the Defendant, and that Plaintiff would assist with that transition upon further instructions. Plaintiff acknowledged the same and awaited further instructions.

11.     While waiting for further instructions, Plaintiff continued to submit invoices for payments as he was previously instructed.

12.     Upon a period of no further communication and no further payment under the Agreement, Plaintiff reached out to Defendant to clarify the situation and obtain his owed payments under the Agreement.

13.     Plaintiff was then informed by Ms. Balbalis that she had terminated him during their prior conversation.

14.     Plaintiff disputes Ms. Balbalis's characterization that she terminated his services in October of 2022. Furthermore, no written termination had been provided as per the Agreement's requirements. Defendant, by way of Ms. Balbalis, subsequently effected termination of the Agreement on January 11, 2023, by email.

15.     Defendant has refused to pay the owed invoices from October 23, 2022, through the current date.

## COUNT I
## (Breach of Contract)

16.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

17.    Defendant contracted Plaintiff to perform human resources for it in exchange for payment of $97,500.00, to be paid in thirteen (13) equal bi-weekly payments of $7,500.00.

18.    In the event of the termination of the Agreement, Plaintiff was nevertheless to be paid the full amount owed under the Agreement.

19.    Defendant has refused to pay the remainder of the amount owed under the Agreement, that being $75,000.00.

20.    Therefore, Defendant has breached its contract with Plaintiff.

21.    Additionally, as a direct and proximate result of Defendant's breach of its contract, Plaintiff has suffered additional damages, including the loss of other employment opportunities.

WHEREFORE, Plaintiff, Jay Hamon, respectfully requests judgment against the Defendant, Alvaria, Inc., in an amount in excess of $75,000.00, plus pre- and post-judgment interest, attorneys' fees, and costs.

## COUNT II
## (Maryland Wage Payment and Collection Law Violation)

22.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

23.     An employer is required to pay an employee at least once in every two (2) weeks or twice in each month. Md. Code Ann., Lab. & Empl. § 3-502.

24.     Plaintiff was, at all times relevant hereto, an employee of the Defendant.

25.     More than two weeks have elapsed from the date on which Defendant was required to Plaintiff the aforementioned sum of monies.

26.     There exists no bona fide dispute as to the wages owed to the Plaintiff by the Defendant.

27.     Accordingly, Plaintiff is entitled to treble damages and statutory attorney's fees with regard to the wages remaining unpaid by the Defendants. § 3-507.2.

WHEREFORE, Plaintiff, Jay Hamon, respectfully requests judgment against the Defendant, Alvaria, Inc., in an amount in excess of $75,000.00, including treble damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

Respectfully submitted,


/s/Christopher J. Smith
Christopher J. Smith, Esq.
AIS No.: 1612140248
The Law Office of Christopher J. Smith, LLC
17 West Jefferson Street, Suite 100
Rockville, Maryland 20850
(301) 760-7460 (Office)
(301) 760-7469 (Direct)
cjs@christopherjsmithlaw.com
*Attorney for Plaintiff*